Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| **ADMINISTRACION PARA EL SUSTENTO DE MENORES**<br><br>Apelante<br><br>v.<br><br>**HECTOR REYES RIVERA**<br><br>Apelado | KLAN202400738 | **APELACION**<br>Procedente del Tribunal de Primera Instancia, Sala Superior de **SAN JUAN**<br><br>Civil núm.:<br>**SJ2024CV03669**<br><br>Sobre:<br>**COBRO DE DINERO (REGLA 60)** |

Panel integrado por su presidenta la juez Domínguez Irizarry, el juez Ronda del Toro y el juez Pérez Ocasio

Pérez Ocasio, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 27 de agosto de 2024.

Comparece ante nos la Administración para el Sustento de Menores, en adelante, ASUME o apelante, solicitando que revoquemos la *"Sentencia"* notificada el 5 de junio de 2024, por el Tribunal de Primera Instancia, Sala Municipal de San Juan, en adelante, TPI-SJ. En la misma, el Foro Apelado desestimó sin perjuicio la demanda en cobro de dinero incoada por ASUME.

Por los fundamentos que expondremos a continuación, *desestimamos* el recurso.

### I.

El 22 de abril de 2024, ASUME presentó una *"Demanda"* en cobro de dinero, contra Héctor Reyes Rivera, en adelante, Reyes Rivera o apelado.[1] En la misma, solicitó que Reyes Rivera pagara la suma de $4,949.00, más las costas y una suma por honorarios de abogado. El 24 de abril de 2024 se emitió la *"Notificación y Citación*

---

[1] Apéndice del recurso, pág. 2.

*sobre Cobro de Dinero"*, y señaló vista por videoconferencia para el 30 de mayo de 2024.

Sin embargo, el 3 de mayo de 2024, el TPI-SJ emitió una *"Orden",* en la que indicó que Reyes Rivera residía fuera de Puerto Rico.[2] Por esto, suspendió el señalamiento de vista, y ordenó a ASUME a indicarle al Foro Primario en diez (10) días si emplazaría mediante edicto, o desistiría del caso. Transcurrido el término concedido sin el pronunciamiento de la apelante, el TPI-SJ emitió una *"Sentencia",* notificada el 5 de junio de 2024, en la que desestimó sin perjuicio la demanda.[3] El Foro Apelado amparó su proceder en el incumplimiento de ASUME con lo dispuesto en la Regal 39.2 (a) de Procedimiento Civil, 32 LPRA Ap. V, R. 39.2.

Inconforme, el apelante recurrió ante esta Curia, mediante un recurso apelativo, el *5 de agosto de 2024.* En su escrito, hizo el siguiente señalamiento de error:

> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DETERMINAR QUE LA PARTE DEMANDADA NO PODÍA SER NOTIFICADA DEL PLEITO POR CORREO CERTIFICADO; Y A SU VEZ, AL ORDENAR A ASUME A DESISTIR DEL PLEITO O EMPLAZAR POR EDICTOS.

El 8 de agosto, mediante *"Moción Informativa",* ASUME anejó evidencia de la notificación vía correo certificado del recurso de apelación a la parte demandada. De la boleta de envío *surge que la misma fue enviada el 7 de agosto de 2024.* Por esto, mediante *"Resolución"* del 20 de agosto de 2024, emitimos una orden a ASUME para mostrar causa por la cual no se deba desestimar el recurso que nos ocupa, por no haber notificado a la parte apelada dentro del término correspondiente.

Así las cosas, el 22 de agosto de 2024, ASUME radicó una moción en la que solicitó las excusas de este Tribunal, y reconoció

---

[2] Apéndice del recurso, pág. 20.
[3] *Id.* pág. 1.

el incumplimiento con la notificación oportuna a la parte apelada. Arguyó que el mismo se debió *"a un error oficinesco y por error e inadvertencia del suscribiente"*. Además, ofreció en sus excusas que la inadvertencia no ha producido perjuicio, por lo que la controversia debe adjudicarse en sus méritos.

Sin nada más que proveer para el perfeccionamiento de este recurso, procedemos a expresarnos.

## II.

### A. Jurisdicción

Como es conocido, la jurisdicción es el poder o la autoridad que tiene un Tribunal para considerar y decidir casos o controversias que tiene ante sí. *R & B Power Inc. v. Junta de Subasta ASG*, 2024 TSPR 24, 213 DPR ___ (2024); *Matos, Sostre v. Registradora*, 2023 TSPR 148, 213 DPR ___ (2024); *Pueblo v. Torres Medina*, 211 DPR 950, 958 (2023); *FCPR v. ELA et al.*, 211 DPR 521, 529 (2023); *Cobra Acquisitions v. Mun. de Yabucoa et al.*, 210 DPR 384, 394 (2022); *Pueblo v. Rivera Ortiz*, 209 DPR 402, 414 (2022); *Adm. Terrenos v. Ponce Bayland*, 207 DPR 586, 600 (2021). Además, es norma reiterada en nuestro ordenamiento, que "los tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen". *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007).

En nuestro ordenamiento jurídico hay un derecho a apelar ante este Tribunal de Apelaciones las determinaciones finales de los tribunales de instancia. Art. 4.002, Ley de la Judicatura de 2003, Ley Núm. 201-2003, según enmendada. Sin embargo, ese derecho queda condicionado a que las partes observen rigurosamente el cumplimiento con las disposiciones reglamentarias establecidas por

nuestro ordenamiento jurídico sobre la forma, contenido, presentación y notificación de los recursos, incluyendo lo dispuesto en los Reglamentos de los foros apelativos. *Hernández Jiménez et al. v. AEE et al.*, 194 DPR 378, 382-383 (2015). Esto es así ya que el cumplimento con las normas del derecho procesal apelativo no pueden ser discrecionalmente atendidas por las partes. *Soto Pino v. Uno Radio Group*,189 DPR 84, 92 (2013)

### B. Notificación a parte

La marcha ordenada y efectiva de los procedimientos judiciales es un imperativo de nuestro ordenamiento jurídico. En *Arriaga v. F.S.E.,* 145 D.P.R. 122, 129-130 (1998), nuestro Alto Foro extendió al Reglamento del Tribunal de Apelaciones la norma de que deben observarse con rigurosidad las disposiciones reglamentarias sobre los recursos a presentarse ante este Tribunal y reiteró que "los abogados vienen obligados a cumplir fielmente el trámite prescrito en las leyes y reglamentos aplicables para el perfeccionamiento de los recursos y que ***no puede quedar al arbitrio de los abogados decidir qué disposiciones reglamentarias deben acatarse y cuándo*** [...]". (Énfasis nuestro.) Véase, además, *UGT v. Centro Médico del Turabo*, 208 DPR 944, 957 (2022); *Isleta v. Inversiones Isleta Marina,* 203 DPR 585, 590 (2019); *García Morales v. Mercado Rosario*, 190 DPR 632, 639 (2014); *Soto Pino v. Uno Radio Group*, supra, pág. 90; *Hernández Maldonado v. Taco Maker*, 181 DPR 281, 290 (2011).

Cónsono con ello, en la Regla 13 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 13, se encuentran las disposiciones necesarias para llevar a cabo una notificación adecuada. En lo atinente, la referida regla reza de la siguiente manera:

(B) Notificación a las partes
(1) Cuándo se hará

La parte apelante notificará el recurso apelativo y los Apéndices *dentro del término dispuesto para la presentación del recurso, siendo éste un término de* **estricto cumplimiento.**

[...]

(2) Cómo se hará

La parte apelante notificará el recurso de apelación debidamente sellado con la fecha y hora de su presentación mediante correo certificado o servicio de entrega por empresa privada con acuse de recibo. Podrá, además, utilizar los siguientes métodos sujeto a lo dispuesto en estas reglas: correo ordinario, entrega personal, telefax o correo electrónico, siempre que el documento notificado sea copia fiel y exacta del documento original.

(Énfasis nuestro).

Los requisitos de notificación no son meras formalidades procesales que no sufren consecuencias mayores. A *contrario sensu,* el deber de un promovente de alertar mediante notificación sus recursos está cimentada en el debido proceso de ley. *Montañez Leduc v. Robinson Santana,* 198 DPR 543, 551 (2017). De esta manera, se coloca a las partes promovidas en posición de responder. Id., *Soto Pino v. Uno Radio Group*, supra, pág. 90. Además, con el fin de constatar que este deber se ha llevado a cabo adecuadamente, es necesario "que exista constancia de que se realizó la notificación a las partes de modo tal que se eviten controversias y litigios secundarios en torno al cumplimiento del requisito de notificación." *Pérez Soto v. Cantera Pérez, Inc. et al.*, 188 DPR 98, 107 (2013).

En lo que respecta al término de *estricto cumplimiento*, es norma conocida, que este término puede ser prorrogado o extendido si existe justa causa para la dilación y la misma es debidamente demostrada y notificada ante el tribunal. *Div. Empl. Públicos UGT vs. CEMPR,* 212 DPR 742, 751 (2023); *Rivera Marcucci et al. v. Suiza Dairy,* 196 DPR 157, 171 (2016); *Soto Pino v. Uno Radio Group*, supra, pág. 92. Ello, a diferencia de los llamados términos jurisdiccionales, cuyo incumplimiento impide la revisión judicial por

privar de jurisdicción a los tribunales. *Cruz Parrilla v. Depto. Familia*, 184 DPR 393, 403 (2012). Consecuentemente, en relación a los términos de *cumplimiento estricto*, nuestra Máxima Curia ha resuelto que "el foro apelativo no goza de discreción para prorrogar tales términos automáticamente". *Rojas v. Axtmayer Ent., Inc.,* 150 DPR 560, 564 (2000). Véase, además, *Montañez Leduc v. Robinson Santana*, supra, págs. 550-551; *Arriaga v. F.S.E*, supra, pág. 131 y *Bco. Popular de P.R. v. Mun. de Aguadilla*, 144 DPR 651, 657 (1997). *Soto Pino v. Uno Radio Group,* supra, pág. 92.

Ahora bien, con respecto al deber de mostrar justa causa en estos escenarios, nuestro Alto Foro ha indicado que:

> [N]o es con vaguedades, excusas o planteamientos estereotipados que se cumple con el requisito de justa causa, sino con explicaciones concretas y particulares, debidamente evidenciadas, que le permitan al tribunal concluir que la tardanza o demora ocurrió razonablemente, por circunstancias especiales.
>
> *Febles v. Romar*, 159 DPR 714, 720 (2003).
> (Énfasis en el original).

No puede ser de otra manera. Si los tribunales como este permiten que las partes acrediten justa causa en sus incumplimientos, basados en excusas escuetas, que adolecen de detalles circunstanciales o explicaciones robustas en fundamento, trastocaríamos el ordenamiento jurídico y la marcha ordenada de los procedimientos. De esa manera se convertirían los términos reglamentarios en "metas amorfas que cualquier parte podría postergar". *Soto Pino v. Uno Radio Group*, supra, pág. 93.

En consecuencia, los tribunales podrán eximir a una parte de observar el cumplimiento de los términos si están presentes dos (2) condiciones:

> "(1) que en efecto exista ***justa causa*** para la dilación; (2) que la parte le ***demuestre detalladamente al tribunal las bases razonables*** que tiene para la dilación; es decir, que la

parte interesada acredite de manera adecuada la justa causa aludida".

*Arriaga v. F.S.E.,* supra, pág. 132.
(Énfasis suplido).

En ausencia de alguna de estas dos (2) condiciones, los tribunales carecen de discreción para prorrogar términos de cumplimiento estricto. *Soto Pino v. Uno Radio Group,* supra, pág. 93.

Las partes litigantes deben atender estos requerimientos con seriedad, ya que "[n]o se permitirá desviación alguna del plazo[...] so pena de desestimación del recurso, a menos que la tardanza ocurrida se justifique detalladamente y a cabalidad".  De hecho, en *Soto Pino v. Uno Radio Group,* supra,  nuestra Máxima Curia señaló que "es un deber acreditar la existencia de justa causa, incluso antes de que un tribunal se lo requiera, si no se observa un término de cumplimiento estricto".  (Énfasis en el original).

Por otra parte, en *Soto Pino v. Uno Radio Group,* supra, pág. 95, el Alto Foro arribó a la conclusión de que no constituía justa causa el hecho de que se esperara hasta el último minuto para presentar el recurso que se debía notificar. Nuestra última instancia judicial entendió que esas razones eran un ejemplo perfecto de lo que son "meras generalidades y excusas superfluas".  En este caso, además, se planteó como existencia de justa causa que la notificación tardía no había causado ningún perjuicio indebido a la parte contraria. Nuestro Máximo Foro señaló que tales explicaciones no eran suficientes para justificar una notificación fuera de término. Puntualizó nuestro Tribunal Supremo que la ausencia de perjuicio indebido a la otra parte no era determinante al momento de examinar la existencia de una justa causa, so pena de convertir los términos en formalismos.

**III.**

En el ejercicio de evaluar nuestra jurisdicción en el recurso apelativo de autos, nos percatamos que ASUME no había notificado el mismo a Reyes Rivera dentro del término dispuesto. La *"Sentencia"* apelada se notificó el *5 de junio de 2024*. Por ello, el término para presentar, no solo el recurso, sino para notificarla a la parte apelada, vencía el *5 de agosto de 2024*. Aunque el recurso fue radicado en el término correcto, obra evidencia en el expediente que la notificación de la apelación a Reyes Rivera por correo certificado fue enviada *dos (2) días más tarde*, el 7 de agosto de 2024.

Por ser el término incumplido uno de cumplimiento estricto, ordenamos mediante *"Resolución"* a ASUME que mostrara justa causa por la cual su recurso no debía ser desestimado, conforme a la Regla 13 (B) (1) de nuestro Reglamento, supra. En contestación, la apelante ofreció sus excusas, e intentó justificar su incumplimiento alegando que el mismo se debió a un *"error oficinesco"*, y la *"inadvertencia del suscribiente"*. Arguyó que no se debía desestimar el mismo por ser un "incumplimiento mínimo" que además "no ha de causar perjuicios a los derechos de la parte apelada". Estos planteamientos, *no nos convencen* a lo contrario.

Desde el momento en que fue notificada la sentencia apelada, ASUME tuvo sesenta (60) días para radicar su apelación, y en el último día de este término, así lo hizo. La notificación de parte se hizo dos (2) días más tarde. La aparente falta de diligencia, dentro del generoso tiempo concedido, para tramitar el recurso, nos resulta incongruente con la explicación de simple inadvertencia.

Además, como consagramos previamente, nuestro ordenamiento jurídico nos impide prorrogar los términos de estricto cumplimiento, como el que aquí nos ocupa, en ausencia de justa causa. La jurisprudencia ha delimitado con claridad nuestra discreción para ello. Son precisamente excusas como las ofrecidas

por la apelante las que nos impiden ejercer la discreción de prorrogar los términos de estricto cumplimiento, por no encontrarse ninguna de estas dentro de las áreas limítrofes para ello.

**IV.**

Por los fundamentos antes esbozados, *desestimamos el recurso por falta de jurisdicción por haber incumplido con el requisito de cumplimiento estricto establecido en la Regla 13 (B)(1) del Reglamento del Tribunal de Apelaciones, supra, y no haberse demostrado justa causa para la inobservancia.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones